**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:

MAUREEN O'BRIEN

Plaintiff,

vs.

METROPOLITAN LIFE INSURANCE COMPANY

Defendant.

---

# COMPLAINT

---

COMES NOW the Plaintiff, Maureen O'Brien, by and through her undersigned counsel, Thomas A. Bulger, Esq., of Silvern & Bulger, P.C., and respectfully submits her Complaint against the above-named Defendant.

## PARTIES

1. Plaintiff, Maureen O'Brien, is a natural person and citizen of the State of Colorado, with a current address of 10108 West Arizona Place, Lakewood, Colorado 80232.

2. Defendant Metropolitan Life Insurance Company of America ("Defendant MetLife") is a corporation and/or similar business entity which regularly conducts business in the State of Colorado. The Defendant's registered agent for service of process is the C T Corporation System, 7700 East Arapahoe Road, Suite 220, Centennial, Colorado 80112-1268. Upon information and belief, Defendant is a citizen of the State of New York, where it is incorporated and/or headquartered.

.

## JURISDICTION AND VENUE

3. At all pertinent times, Defendant administered and/or insured the employee benefit plans established on behalf of the employees of Revenue Enterprises, LLC ("Revenue"), a limited liability company which provides medical services throughout the country, including in Colorado. The Plan, which provides long-term disability benefits ("LTD") is, upon information and belief, subject to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101, *et seq.* ("ERISA"), and therefore governed by Federal law. Upon further information and belief, the plan has delegated to MetLife its obligation to make all benefit decisions at issue in this claim.

4. The Plaintiff and Defendant are also citizens of different states, and the amount in controversy (including the value of the future insurance benefits) exceeds $75,000.00, and jurisdiction in therefore also proper based on the Court's diversity jurisdiction.

5. At all pertinent times Plaintiff was a full-time employee of Revenue and was a "participant" in or "beneficiary" of the Plan within the meaning of ERISA.

6. Thus, and at all pertinent times, and by virtue of said employment, Plaintiff was covered by the provisions of the Plan, including but not limited to coverage for LTD subject to the terms and conditions of the insurance policy issued by MetLife to cover the Plan, and/or the other Plan documents.

7. This matter is authorized and instituted pursuant to 28 U.S.C. §1331, to address violations of Plaintiff's rights protected by Federal law, including her rights under ERISA and the subject ERISA plan.

8. If the Plan is not subject to ERISA, jurisdiction is proper under 28 U.S.C. §1332 as the parties are citizens of different states and over $75,000.00 in damages is involved.

9. Pursuant to 28 U.S.C. §1391, and/or Federal law (and specifically 29 U.S.C. §1132(e)(2)), venue is proper in this Court wherein Defendant regularly conducts business and where Defendant's registered agent can be found.

**STATEMENT OF THE FACTS**

10. At all pertinent times, Plaintiff was employed by Revenue as a customer service representative, and was an active, full-time employee. She therefore satisfied all eligibility requirements for, and was a "participant" in the Plan (and/or "beneficiary" of the Plan) within the meaning of ERISA.

11. Beginning in or around July 2025, Plaintiff began experiencing significant health problems, including but not limited to severe degenerative disease of the cervical and lumbar spine, and severe headaches.

12. These medical conditions prohibited Plaintiff at all relevant times from continuing to perform the physical and cognitive requirements of her job on a regular, full-time and consistent basis, as well as from any other job for which she is reasonably qualified, due to her symptoms.

13. As the aforementioned conditions prevented her from working on a full-time and regular basis, and from performing some of the other material requirements of her own and/or other comparable occupation, Plaintiff applied to the employer-sponsored plan for short-term disability ("STD") benefits, which were approved.

14. Thereafter, Plaintiff filed a claim for long-term disability ("LTD") benefits from Defendant, and has submitted medical and other records in support thereof.

15. At various times in 2025 and 2026, including on November 26, 2025, December 9, 2025, December 18, 2025, January 5, 2026, and February 20, 2026, Plaintiff attempted to obtain a decision for Defendant.

16. As of the filing of this Complaint, Defendant has failed to issue a decision on the LTD claim

17. Defendant has unreasonably delayed its decision, despite additional documents and other evidence submitted by Plaintiff as outlined herein.

18. Plaintiff's claim is therefore deemed denied for Defendant's failure to issue a decision as required under ERISA.

## FIRST CLAIM FOR RELIEF:
## VIOLATION OF ERISA, WRONGFUL DENIAL OF BENEFITS
## PLAINTIFF V. DEFENDANT

19. At all pertinent times, Plaintiff was covered by the Plan, which included coverage for LTD benefits, as set forth above.

20. At all pertinent times, Defendant was an administrator, and/or claim administrator for the Plan, within the meaning of ERISA.

21. At all pertinent times, Plaintiff met the criteria for LTD under the Plan because he was unable to perform the functions of her own and/or any other reasonable occupation on a regular, consistent and full-time basis and provided reasonable documentation (medical or otherwise) of that fact.

22. Upon information and belief, Defendant MetLife also insures the Plan.

23. Defendant's dual capacity creates an inherent conflict of interest as a matter of fact and law.

24. Defendant has failed to process Plaintiff's claim and issue a decision within the timeframe required by ERISA.

25. Defendant has otherwise improperly, erroneously, arbitrarily and/or capriciously denied Plaintiff benefits due and owing under the Plan.

26. Defendant's wrongful conduct includes, but is not limited to:

A. Failing to consider all pertinent medical information, including but not limited to the opinions of Plaintiff's treating physicians, and other similar evidence;

B. Failing to timely issue a decision;

C. Failing to provide an adequate review and appeal, including refusing to give Plaintiff a reasonable opportunity to submit relevant information;

D. Failing to act in Plaintiff's best interests;

E. Failing to consider credible evidence of functional impairment;

F. Failing to reasonably interpret and apply the terms of the Plan; and/or

G. Failing to conduct a reasonable investigation.

27. Defendant's wrongful conduct has caused injuries and damages to the Plaintiff, including lost benefits, attorney's fees and costs.

## DAMAGES

28. The Defendant's above-alleged wrongful conduct caused injuries and damages to the Plaintiff, including but not limited to: Past and future economic damages, including but not

limited to unpaid LTD benefits. Plaintiff has also incurred attorney's fees and costs as a result of Defendant's conduct.

WHEREFORE, Plaintiff requests judgment and damages against Defendant and/or the Plan as follows:

A. A declaratory judgment that Defendant has violated Plaintiff's rights under ERISA;

B. An injunction and/or other appropriate equitable other relief as permitted by ERISA, including but not limited to §502(a)(1)(b) ordering Defendant to make Plaintiff whole and/or return Plaintiff to the position Plaintiff would have obtained in the absence of Defendant's wrongful conduct, including payment of LTD insurance premiums otherwise covered by the policy;

C. Retroactive reinstatement of Plaintiff's benefits and payment of all back due LTD benefits pursuant to ERISA §502(a)(1)(b), as well as an order, requiring Defendant to process Plaintiff's claims for future LTD.

D. In the alternative, an Order directing defendant to process Plaintiff's claim and timely issue a decision;

E. Reasonable attorneys' fees and costs, including but not limited to witness fees, as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(a) and/or other applicable case law;

F. Interest on any awards at the highest rate allowed by law as provided in ERISA §502(G)(1), 29 U.S.C. 1132(g)(1); and

G. Such other and further relief as this Court deems just and appropriate.

Dated this 9th day of July, 2026.

Respectfully submitted,

SILVERN & BULGER, P.C.

*s/Thomas A. Bulger, Esq.*_______________
Thomas A. Bulger, Esq.
Counsel for Plaintiff
363 South Harlan Street, Suite 205
Lakewood, Colorado 80226
(303) 292-0044
Facsimile (303) 292-1466
counsel@silvernbulger.com

**Plaintiff's address**

1250 South Buckley Road, #1
Aurora, Colorado 80017